IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| VALERIJS NIKOLAEVICH BELOVS | : | VIOLATIONS:<br>18 U.S.C. § 1001 (making false statements to the U.S. Department of Transportation - 15 counts) |

## INDICTMENT

## COUNTS ONE THROUGH FIFTEEN

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

1. The defendant, VALERIJS NIKOLAEVICH BELOVS, was licensed as an interstate commercial motor vehicle (truck) operator who drove throughout the United States, including in Pennsylvania.

### FEDERAL HIGHWAY SAFETY REGULATIONS OF COMMERCIAL MOTOR VEHICLE OPERATORS

2. The Federal Motor Carrier Safety Administration, ("FMCSA"), an agency of the U.S. Department of Transportation ("US DOT"), was an agency of the United States.

3. The FMCSA was responsible for, among other things, the regulation of commercial motor vehicle ("CMV") drivers (referred to as "truck drivers"), including limitations on the maximum number of daily allowable driving hours and required off-duty hours, in order to protect the public from commercial trucking-related accidents caused by fatigued truck drivers operating on the nation's highways.

4.  The FMCSA administered and enforced the federal trucking laws and the regulations issued under these laws to ensure, among other things, that truck drivers fully complied with the responsibilities imposed on them to operate their vehicles in a safe and unimpaired manner, and that the physical condition of the drivers was adequate to enable them to operate their vehicles safety

5.  Among the federal regulations for CMV truck drivers relating to the safe operation of their vehicles were those which addressed the following requirements:

   a.  Limiting the maximum allowable driving hours which truck drivers may drive. The "11 Hour Rule" provided that, once a CMV truck driver accumulated 11 hours of driving time, that driver was not permitted to drive again until he had at least 10 consecutive hours off-duty. Further, the "14 Hour Rule" provided that once a CMV truck driver had been "on-duty" for 14 hours, whether driving or not, that driver was not permitted to drive again until he had 10 consecutive hours off-duty. The regulations limited the maximum allowable driving hours which a CMV driver could drive over a 7 day period. The "60 Hour Rule" provided that a CMV truck driver was not permitted to operate a CMV after accumulating 60 hours of duty time, whether driving or not, over the previous 7 days. Finally, the regulations limited the maximum allowable driving hours which CMV truck drivers could drive over an 8 day period. The "70 Hour Rule" provided that a CMV truck driver was not permitted to operate a CMV after accumulating 70 hours of duty time, whether driving or not, over the previous 8 days.

   b.  Requiring truck drivers to maintain truthful and accurate driver daily logs which reflect the driver's duty status, locations, and the daily number of hours spent driving, on-duty but not driving, in the sleeper berth, and off-duty.

   c.  Requiring a truck driver to comply with all laws, ordinances and regulations in the jurisdiction in which the truck was being operated.

6. To ensure that motor carriers and truck drivers complied with the maximum hours-of-service limitations, truck drivers were required by federal regulations to record all daily activities, including driving time, on a form called "Record of Duty Status," commonly referred to as a "Driver's Daily Log."

7. Federal regulations mandated that truck drivers certify the truthfulness and accuracy of the driver's daily logs by signing their names to each log.

8. Federal regulations further required that commercial motor carriers maintain their employee's driver's daily logs and supporting documents for those logs for at least six months.

9. The primary means by which FMCSA inspectors enforced the federal highway safety regulations relating to the limits on truck drivers' hours-of-service was to inspect the drivers' daily logs to determine the number of driving hours, on-duty hours, and off-duty hours and compare those logs with supporting documents maintained by the motor carrier.

### DEFENDANT'S SCHEME TO MAKE FALSE STATEMENTS

10. The defendant, VALERIJS NIKOLAEVICH BELOVS, prepared and maintained false and fraudulent drivers' daily logs, and concealed from the US DOT and the FMCSA that he was routinely exceeding the maximum number of driving hours and "on-duty" hours without the required hours off-duty, and was otherwise driving in violation of federal law.

11. The defendant intentionally disregarded federal highway safety regulations by:

    a. Operating commercial trucks in violation of federal highway safety regulations;

  b. Exceeding the limitations on the maximum allowable number of hours driving and/or on-duty;

  c. Preparing and maintaining false and fraudulent driver's daily logbooks to conceal violations of regulations governing the maximum allowable number of daily driving hours.

  12. Defendant VALERIJS NIKOLAEVICH BELOVS drove interstate commercial truck routes which he knew required excessive hours of driving time and excessive hours of "on-duty" time, without allowing for the required hours of rest or "off-duty" time.

  13. Defendant VALERIJS NIKOLAEVICH BELOVS concealed violations of federal motor carrier safety regulations from federal and state officials and agents who reviewed and inspected the drivers' daily logbooks.

  14. Defendant VALERIJS NIKOLAEVICH BELOVS made false statements to the US DOT by preparing and maintaining false and fraudulent driver's daily logs which stated that he was driving in compliance with federal highway safety regulations, including limits on the maximum number of driving hours and "on duty" hours, when in fact, as he well knew, he was exceeding the maximum number of driving hours and "on duty" hours without the required time off-duty, and was otherwise driving in violation of federal law.

  15. In January 2009, defendant VALERIJS NIKOLAEVICH BELOVS was driving a multi-ton 1997 Kenworth Truck Tractor with a 2001 Utility Trailer.

  16. On or about the dates listed below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**VALERIJS NIKOLAEVICH BELOVS,**

in a matter within the jurisdiction of the executive branch of the United States government, the Federal Motor Carrier Safety Administration (FMCSA), and the U.S. Department of Transportation, an agency of the United States, knowingly and willfully falsified, concealed, and covered up by trick, scheme and device, certain material facts, that is, the defendant VALERIJS NIKOLAEVICH BELOVS prepared and maintained for inspection by the FMCSA, false and fictitious driver's daily logs which the defendant knew to be false and fictitious, in that, on each of the following dates between December 19, 2008 and January 23, 2009, he made the following false entries in his driver daily logbooks:

| COUNT | APPROXIMATE DATES OF FALSE STATEMENTS | DESCRIPTION OF FALSE STATEMENTS |
|---|---|---|
| 1 | 12/20/2008-1/14/2009 | Defendant falsely stated in driver daily logbook #3 that he was off-duty during the entire period of 12/20/2008 through 1/14/2009, when, in fact, he was driving in New Jersey, Pennsylvania, Illinois, Ohio, and Indiana on various dates between 1/6/2009 through 1/10/2009 and 1/12/2009 through 1/14/2009. |
| 2 | 12/23/2008-1/12/2009 | Defendant falsely stated in driver daily logbook #4, that he was off-duty during the entire period of 12/23/2008 through 1/12/2009, when, in fact, he was driving in New Jersey, Pennsylvania, Illinois, Ohio, and Indiana on various dates between 1/6/2009 through 1/10/2009 and 1/12/2009. |
| 3 | 12/28/2008-1/18/2009 | Defendant falsely stated in driver daily logbook #1, that he was off-duty during the entire period of 12/28/2008 through 1/18/2009, when, in fact, he was driving in New Jersey, Pennsylvania, Illinois, Ohio, Missouri, Oklahoma, New Mexico, Arizona and Indiana on various dates between 1/6/2009 through 1/10/2009 and 1/12/2009 through 1/18/2009. |
| 4 | 1/7/2009 | Defendant falsely stated in driver daily logbook #2 for 1/7/2009 that he was in the sleeper berth in Hubbard, OH from 1:45 a.m. to 3:15 p.m. when, in fact, he was not in the sleeper berth in Ohio, but was driving on |

| COUNT | APPROXIMATE DATES OF FALSE STATEMENTS | DESCRIPTION OF FALSE STATEMENTS |
|---|---|---|
| | | the Pennsylvania Turnpike at 7:45 a.m. (Delaware Valley interchange) and 9:26 a.m.(Pocono interchange) |
| 5 | 1/13/2009 | Defendant falsely stated in driver daily logbook #4 for 1/13/2009 that he was driving to Lamar, PA from 1:30 p.m. to 5:00 p.m., and was off-duty in Lamar, PA from 5:00 p.m. to 6:00 p.m., when, in fact, he was not driving or off-duty in Lamar, PA, but was driving in Malaga, NJ at 4:43 p.m. and on the Benjamin Franklin Bridge at 5:17 p.m. |
| 6 | 1/14/2009 | Defendant falsely stated in driver daily logbook #4 for 1/14/2009 that he was in the sleeper berth in Lamar, PA from midnight to 4:30 a.m., and on-duty in Akron, OH from 8:15 a.m. to 9:15 a.m., when, in fact, he was not in the sleeper berth in Lamar, PA, but was driving on the Pennsylvania Turnpike (Delaware Valley interchange) at 12:02 a.m. and was not in Akron, OH, but was driving on the Pennsylvania Turnpike (Pocono interchange) at 8:21 a.m. Defendant also falsely stated that he was in the sleeper berth in Chicago, IL from 5:15 p.m. to midnight, when, in fact, he was driving in Ohio, Indiana and Illinois during that time. |
| 7 | 1/15/2009 | Defendant falsely stated in driver daily logbook #3 for 1/15/2009 that he was driving from Chicago, IL to Sullivan, MO from 10:45 a.m. to 6:15 p.m., and that he was off-duty in Sullivan, MO from 6:15 p.m. to midnight, when, in fact, he was not driving or off-duty in Sullivan, MO, but was driving in Chicago, IL during these times. |
| 8 | 1/15/2009 | Defendant falsely stated in driver daily logbook #4 for 1/15/2009 that he was off-duty in Chicago, IL from 5:45 a.m. to midnight, when, in fact, he was not off-duty but was driving in Chicago, IL during these times. |
| 9 | 1/16/2009 | Defendant falsely stated in driver daily logbook #3 for 1/16/2009 that he was off-duty in Sullivan, MO all |

| COUNT | APPROXIMATE DATES OF FALSE STATEMENTS | DESCRIPTION OF FALSE STATEMENTS |
|---|---|---|
| | | day, when, in fact, he was not off-duty but was driving in Illinois during that day. |
| 10 | 1/17/2009 | Defendant falsely stated in driver daily logbook #3 for 1/17/2009 that he was off-duty in Amarillo, TX from 1:00 p.m. to 2:00 p.m., and was in the sleeper berth from 2:00 p.m. to midnight, when, in fact, he was not off-duty or in the sleeper berth in Amarillo, TX at these times, but was driving in Missouri and Oklahoma during these times. |
| 11 | 1/18/2009 | Defendant falsely stated in driver daily logbook #3 for 1/18/2009 that he was in the sleeper berth in Kingman, AZ from 1:00 p.m. to 11:00 p.m., when, in fact, he was was driving in New Mexico and Arizona during these times. |
| 12 | 1/19/2009 | Defendant falsely stated in driver daily logbook #1 for 1/19/2009 that he was off-duty in Anaheim, CA from midnight to 1:30 p.m., when, in fact, he was driving in Anaheim, CA at 10:58 a.m. and again at 1:25 p.m. |
| 13 | 1/20/2009 | Defendant falsely stated in driver daily logbook #1 for 1/20/2009 that he was in the sleeper berth in Kingman, AZ from 4:15 a.m. to 2:15 p.m., when, in fact, he was driving in California at approximately 1:56 p.m. In addition, defendant falsely stated that he was driving from Kingman, AZ to Rio Puerco, NM from 2:30 p.m. to 9:00 p.m., when, in fact, he was driving in California during these times. |
| 14 | 1/21/2009 | Defendant falsely stated in driver daily logbook #1 for 1/21/2009 that he was in the sleeper berth in Amarillo, TX from 2:15 a.m. to 12:15 p.m., when, in fact, he was was driving in New Mexico during these times. |
| 15 | 1/22/2009 | Defendant falsely stated in driver daily logbook #1 for 1/22/2009, that, between the hours of 9:00 p.m. and midnight, he was in the sleeper berth in Wyethville, VA, when, in fact, he was driving from approximately 9:00 p.m. on 1/22/09 until 1:30 a.m. on 1/23/09 from Wyethville, VA to Carlisle, Pennsylvania, and then rested at the Carlisle rest area |

| COUNT | APPROXIMATE DATES OF FALSE STATEMENTS | DESCRIPTION OF FALSE STATEMENTS |
|---|---|---|
| | | between 1:30 a.m. and approximately 7:00 a.m. The defendant started driving again at approximately 7:00 a.m. in Carlisle, Pennsylvania until approximately 9:25 a.m. when he stopped driving on the Schuylkill Expressway in Philadelphia, Pennsylvania. |

All in violation of Title 18, United States Code, Section 1001.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

*Peter F Schenck for*
ZANE DAVID MEMEGER
United States Attorney